IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







No. PD-1126-06






JEFFERY EDWARD TAYLOR, Appellant



v.



THE STATE OF TEXAS






On Discretionary Review of Case 13-99-00414-CR of the


Thirteenth Court of Appeals,


Harris County




 


 Womack, J., filed a concurring opinion, in which Meyers and Price, JJ., joined.



 I think the reason that there was no error in this case was given in a concurring opinion of
Justice Frost of the Fourteenth Court of Appeals, (1) which was based on decisions of this court. It said,
in part: 

 [I]n cases involving an article 37.07, section 4(a) jury instruction, the jury may base its
assessment of punishment in part on consideration of a sentenced defendant's parole
eligibility under the formula contained in the instruction; however, a jury may not base
its assessment of punishment on speculation as to when, if ever, the defendant may be
released on parole after becoming eligible for parole. See Ross [v. State], 133 S.W.3d
[618 (Tex. Cr. App. 2004)] at 623-24; Turner [v. State], 87 S.W.3d [111 (Tex. Cr.
App. (2002)] at 116-17; Dumesnil [v. State], (Tex. App.- Houston [14th Dist.] Jan.
17, 2002, no pet.), 2002 WL 58825, at *5-7 (indicating this construction of article
37.07, section 4(a) in determining appellant suffered egregious harm as a result of trial
court's use of article 37.07, section 4(a) instruction stating that defendant would be
eligible for parole after serving one-fourth of his sentence or fifteen years, whichever is
less, in case in which defendant would not actually be eligible for parole until he had
served one-half of his thirty-year sentence, whichever is less). Therefore, the jury
instruction in article 37.07, section 4(a) that the jury is "not to consider the manner in
which the parole law may be applied to this particular defendant" refers to speculation
about when, if ever, this particular defendant might be released on parole. It does not
refer to the jury's consideration of a sentenced defendant's parole eligibility under the
formula contained in the instruction. (2)


Filed: September 12, 2007

Publish.
1. Byrd v. State, 192 S.W.3d 69, 72 (Tex. App. - Houston [14th Dist.] 2006, pet. ref'd).
2. Id., at 76.